UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAWNE GLADDEN,

    Plaintiff,

v.                                                            Case No:   3:15-cv-1367-J-DNF

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff, Dawne Gladden, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), the parties legal memoranda setting forth their respective positions, and Plaintiff filed a reply to Defendant's memorandum. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.  Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B.  Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that she is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB on June 21, 2011, alleging disability beginning as of June 1, 2010. (Tr. 166-67). Plaintiff's claim was denied initially on June 11, 2012, and upon reconsideration on September 13, 2012. (Tr. 95-99, 104-08). Plaintiff requested a hearing and on December 18, 2013, an administrative hearing was held before Administrative Law Judge ("ALJ") Kelley Fitzgerald. (Tr. 31-65). On March 28, 2014, the ALJ entered an unfavorable decision finding that Plaintiff was not disabled. (Tr. 12-30). Plaintiff appealed the ALJ's decision and, on October 9, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. 1-7). Plaintiff initiated the instant suit by Complaint (Doc. 1) filed on November 16, 2015.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 1, 2010, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: disorders of the spine and fibromyalgia. (Tr. 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19).

Before proceeding to step four, the ALJ found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) with limitations. The claimant is limited to no more than frequent stooping, kneeling, crouching, crawling, and climbing ramps/stairs; no more than occasional climbing of ropes, ladders or scaffolds; and she must avoid concentrated exposure to extreme heat, cold, wetness, vibrations, or work hazards (e.g., dangerous machinery, unprotected heights, etc.).

(Tr. 19). At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a paralegal or legal secretary. (Tr. 25). The ALJ concluded that Plaintiff was not under a disability from June 1, 2010, through the date of the decision, March 28, 2014. (Tr. 25).

**II.     Analysis**

Plaintiff raises four issues on appeal: (1) whether the ALJ erred by failing to find that Plaintiff's mental impairments were severe impairments and by failing to include any limitations in Plaintiff's RFC that were caused by Plaintiff's mental impairments; (2) whether the ALJ erred by failing to properly consider Plaintiff's non-severe mental impairments in formulating Plaintiff's RFC; (3) whether the ALJ erred by failing to adequately evaluate the medical opinions of Plaintiff's treating physician, Dr. Carnevale; and (4) whether the Appeals Council erred by refusing the review the decision of the ALJ following the submission of new and material evidence by Plaintiff. (Doc. 13 p. 1). The Court will address the first two issues together and the rest in turn.

   **a) Whether the ALJ erred by failing to find that Plaintiff's mental impairments were severe impairments, by failing to include any limitations in Plaintiff's RFC that were caused by Plaintiff's mental impairments and by failing to properly consider Plaintiff's non-severe mental impairments in formulating Plaintiff's RFC.**

Plaintiff argues that the medical record, as well as her own testimony, supports the determination that her mental impairments have more than a *de minimus* effect on her ability to

work. (Doc. 13 p. 9). Thus, Plaintiff contends, the ALJ erred by failing to determine that these impairments were "severe" at step two of the sequential evaluation process. (Doc. 13 p. 9). Further, Plaintiff contends that the ALJ erred by failing to include a limitation for Plaintiff's mental impairments in the RFC determination. (Doc. 13 p. 10-12). Plaintiff argues that the ALJ mischaracterized the evidence, specifically the opinions of treating physician Johann Prewett, Ph.D., in order to support her finding that Plaintiff's mental impairments did not require limitations greater than those found in the ALJ's RFC determination. (Doc. 11-12). Plaintiff contends that even if the ALJ properly found that Plaintiff's mental impairments were not severe, the ALJ still erred because he did not consider Plaintiff's mental impairments in formulating the RFC determination. (Doc. 13 p. 12).

In response, Defendant argues that Plaintiff failed to prove that her mental impairments were severe or that the ALJ should have included mental work-related limitations in the RFC determination. (Doc. 14 p. 6-9). Defendant contends that the ALJ properly accorded little weight to Dr. Prewett's opinion and that substantial evidence supports the ALJ's RFC determination. (Doc. 14 p. 13-14).

The Court begins with Plaintiff's contention that the ALJ erred at step two. At step two, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for

severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F.App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

In this case, the ALJ found that Plaintiff had two severe impairments at step two, disorders of the spine and fibromyalgia, thus satisfying the requirements of step two. (Tr. 17). Thus, the Court need not determine whether the ALJ erred by failing to include any mental impairments as "severe impairments" because any such error would be harmless.

It must still be determined, however, whether the ALJ erred by failing to include any limitations reflecting Plaintiff's mental impairments in formulating Plaintiff's RFC. In making an RFC determination, the ALJ must consider all the record evidence, including evidence of non-severe impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). Here, the ALJ's opinion demonstrates that he considered Plaintiff's mental impairments in formulating his RFC determination. The ALJ determined that Plaintiff had no more than mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace; and no extended-duration episodes of decompensation. (Tr. 18-19).

In her decision, the ALJ noted that while Plaintiff reported subjective complaints and stated that she preferred to keep to herself, and that she avoided crowds and did not go out, the record and hearing testimony also revealed that she had a close, supportive relationship with her two sons, aged 17 and 22, who lived with her and with whom she did things daily; she visited friends; she volunteered for her son's school; she watched her grandson; she attended church; and she helped care for her son's mother-in-law. (Tr. 18, 41, 217, 583-84).

In addition, Plaintiff had been able to interact with treating and examining medical sources, and these sources had consistently noted that Plaintiff presented in a "cooperative" manner with appropriate responsiveness. (Tr. 18). Plaintiff also reported that she regularly went to sporting events, church, grocery stores, her doctors' offices, the pharmacy, and the library; she got along "very well" with authority figures and had never been dismissed from a job because of problems getting along with people; and she handled stress and changes in routine "very well." (Tr. 18, 217-19, 519-23, 533-34, 582-86).

Plaintiff takes issue with the ALJ's decision to accord great weight to the opinion of non-examining physician Jane Cormier, Ph.D., while giving little weight to the opinion of treating physician Dr. Prewett. (Doc. 13 p. 11). In her decision, the ALJ stated that Dr. Cormier "particularly referenced the claimant's psychological treatment records received from Dr. Prewett. . ." (Tr. 25). This statement appears to be false, as Plaintiff notes in her reply brief that Dr. Prewett's records were not entered into the record until after the time Dr. Cormier proffered her opinion. (Doc. 20 p. 2). This error, however, does undermine the ALJ's decision to accord little weight to Dr. Prewett's opinion, as the ALJ did not use Dr. Cormier's opinion as grounds to accord little weight to the opinion. The ALJ explained that Dr. Prewett's progress notes reflect that Plaintiff had not more than mild limitations in normal affect and ability to engage in a good

range of activities of daily living. (Tr. 24). The ALJ noted that Plaintiff sees Dr. Prewett very infrequently, for example only twice in 2013, and no indication of treatment in 2014. (Tr. 24). The ALJ properly discounted the opinion of Dr. Prewett by providing good cause.

Plaintiff has failed to show that the ALJ committed reversible error at step two or in formulating Plaintiff's RFC. Accordingly, the Court affirms the ALJ's step two finding and treatment of Plaintiff's mental impairments.

### b) Whether the ALJ erred by failing to adequately evaluate the medical opinions of Plaintiff's treating physician, Dr. Carnevale.

Plaintiff argues that the ALJ erred in her decision to accord "little weight" to the opinion of treating physician Philip Carnevale, M.D. (Doc. 13 p. 17). Plaintiff contends the ALJ failed to provide good cause for her finding and requests the Court to remand the case for a proper evaluation of Dr. Carnevale's opinion. (Doc. 13 p. 21-22). Defendant argues that the ALJ properly assessed Dr. Carnevale's opinion and substantial evidence supports her decision to accord the opinion "little weight." (Doc. 14 p. 16-22).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on

the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has held that good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

The record shows that Dr. Carnavale completed a medical questionnaire in November 2012 regarding Plaintiff's impairments and limitations. (Tr. 23). Dr. Carnavale opined that: Plaintiff could sit no more than 20 minutes continuously; she could stand no more than 45 minutes continuously; in a normal 8-hour workday, Plaintiff could sit, stand or walk no more than 2 hours total; during a normal workday, she would require unscheduled breaks at least once every hour; during an 8-hour period, she would need to lie down at least 2-3 hours; she could lift 20 pounds rarely, 10 pounds occasionally, and less than 10 pounds frequently; she was limited to only occasional overhead reaching with her upper extremities, and no more than frequent fine manipulation, grasping and turning with her hands and fingers; and Plaintiff was expected to be absent from work more than 4 days per month. (Tr. 544-46).

Here, the Court finds that the ALJ properly weighed Dr. Carnevale's decision and provided good cause for her finding. In her decision, the ALJ summarized the medical evidence from Dr. Carnevale and restated his opinion as it appears in the November 2012 medical

questionnaire. (Tr. 21, 23). The ALJ then explained that she was accordingly "little weight" to the opinion on the basis that the opinion was unsupported by the medical evidence as a whole as well as Dr. Carnevale's own treatment records. (Tr. 24). The ALJ noted that "Dr. Carnevale's records show the claimant demonstrating generally positive response to pain management therapy and exhibiting normal results in routine physical exams." (Tr. 24).

These findings are supported by the medical record. In summarizing Dr. Carnevale's treatment notes the ALJ had noted that recent progress notes dated March 2013, July 2013, and December 2013, show that Plaintiff reported a pain level of "6" without medication and a pain level of "1" with medication. (Tr. 21). In addition, the ALJ noted that in progress notes dated December 2012 and January 2013, Dr. Carnevale concluded that Plaintiff "no complaints or issues" in his final assessment and that a routine physical exam in February 2013, indicated "normal" musculoskeletal and "normal" neurological examinations. (Tr. 21).

As stated above, substantial evidence is "such relevant evidence as a reasonable person would accept as adequate support to a conclusion" and that "[e]ven if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). Here, the ALJ's decision to accord little weight to Dr. Carnevale's decision is supported by such evidence as a reasonable person would find adequate to support a conclusion. The ALJ stated the weight she accorded Dr. Carnevale's opinion and provided good cause for doing so. Accordingly, the Court finds no error in the ALJ's treatment of Dr. Carnevale's opinion.

### c) Whether the Appeals Council erred by refusing the review the decision of the ALJ following the submission of new and material evidence by Plaintiff.

On May 19, 2014, Plaintiff requested the Appeals Council to review the ALJ's decision. (Tr. 9). Attached to the request for review was a memorandum (Tr. 240-41) and a letter from Dr. Prewett dated May 12, 2014. The Appeals Council addressed the newly submitted evidence as follows: "We also looked at the evidence from Parthenon Medical Center, Nicholas Prewett Ph.D. dated May 12, 2014. The Administrative Law Judge decided your case through March 28, 2014. This new information is about a later time. Therefore, it does not affect the decision whether you were disabled beginning on or before March 28, 2014." (Tr. 2).

Plaintiff argues that the Appeals Council erred by finding that the new evidence was about a different time and does not affect the ALJ's decision. (Doc. 13 p. 23). Plaintiff contends that the new evidence from Dr. Prewett applies to the time period at issue before the ALJ. (Doc. 13 p. 23). In response, Defendant argues that the newly submitted evidence is cumulative of evidence already before the ALJ and that it does not undermine the substantial evidence supporting the decision. (Doc. 14 p. 23).

A claimant is generally permitted to present new evidence at each stage of his administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007), and 20 C.F.R. § 404.900(b). Evidence submitted for the first time to the Appeals Counsel is determined under a Sentence Four analysis. *Id*. An Appeals Council must consider new and material evidence that "'relates to the period on or before the date of the administrative law judge hearing decision' and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id*. (20 C.F.R. §§ 404.970(b), 416.1470(b)). New evidence is considered material and thereby warranting a remand

if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Id.*

Here, the newly submitted letter from Dr. Prewett included a summary of Plaintiff's history with Dr. Prewett and a summary of Plaintiff's subjective complaints at an appointment on April 28, 2014, after the ALJ's decision. (Tr. 11). The letter states that Plaintiff has social anxiety, has difficulty being around others, and is unable to attend her son's sporting events. (Tr. 11). This newly submitted information is cumulative and would not change the administrative outcome. Accordingly, the Court finds no error in the Appeals Council's decision to deny Plaintiff's request for review.

### III.  Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties